UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STILLAGUAMISH TRIBE OF INDIANS, a federally-recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; ROBERT W. FERGUSON, in his official capacity as Attorney General of Washington;<br><br>Defendants. | Case No.: _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff, the Stillaguamish Tribe of Indians, brings this action and alleges as follows:

**PARTIES**

1. Plaintiff Stillaguamish Tribe of Indians (the "Tribe") is a federally-recognized sovereign Indian tribe with offices at 3322 236th Street NE, Arlington, WA 98223. The Tribe operates pursuant to the Constitution of the Stillaguamish Tribe of Indians of Washington State and exercises and enjoys all the inherent powers of a sovereign government, including, but not limited to, Tribal sovereign immunity. The Tribe expressly reserves its inherent sovereign immunity.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – Page 1
68541293V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

2.  Defendant, the State of Washington, is a state of the United States of America. The State is responsible for ensuring its various State agencies adhere to laws of the United States and the State of Washington.

3.  Defendant Robert W. Ferguson is sued in his official capacity as Attorney General of Washington. Attorney General Ferguson is the top legal officer for the State government and is responsible for advising State officials on legal issues. All correspondence with the Tribe on behalf of the State described herein came from the State Attorney General's Office.

## JURISDICTION AND VENUE

4.  This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1362, 1367, 2201 and 2202 as the causes of action arise under the Constitution, laws and treaties of the United States, including the federal common law, or are state law claims cognizable under this Court's supplemental jurisdiction.

5.  The Court has personal jurisdiction over Defendants for reasons including, but not limited to: each Defendant resides in and/or conducts business in the State of Washington and the underlying facts arose from actions occurring within the Western District of Washington.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2) because the wrongful acts alleged herein occurred in the jurisdiction of the United States District Court for the Western District of Washington.

## FACTUAL ALLEGATIONS

7.  The Tribe is a signatory to the 1855 Treaty of Point Elliot, 12 Stat. 927, and in 1976 gained federal recognition through the Bureau of Indian Affairs' acknowledgement process. The Tribe possesses all inherent sovereign authority over its members and its territory, including, but not limited to, sovereign immunity from suit.

8.  The Tribe is governed by a Constitution the Tribe adopted on June 18, 1986, since revised on March 5, 2012. Pursuant to the Constitution, the Tribe is governed by a six-person Board of Directors (the "Board"). The Constitution vests the Board with "[a]ll powers and legal

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – Page 2
68541293V.1

authority, express, implied, or inherent, which are vested or acknowledged by existing Federal Law in the Stillaguamish Tribe as a sovereign political entity." Constitution, Art. VII, § 1.[1] This power includes the authority to enter into contracts on behalf of the Tribe, and the power to waive the Tribe's sovereign immunity from suit.

9. On April 6, 2005, a Salmon Project Funding Agreement ("Agreement") was signed by Laura E. Johnson, the Director of the State of Washington Interagency Committee for Outdoor Recreation on Behalf of the Salmon Recovery Funding Board and Pat Stevenson, who signed as "Environmental Manager". Mr. Stevenson, at all times relevant, was an employee of the Tribe.

10. The Agreement provided $497,000 in funding to the Tribe to "improve instream morphology and habitat in salmon bearing areas." The Salmon Program State Recovery Project involved the Tribe building a revetment to "eliminate[e] direct sediment discharge" into the North Fork of the Stillaguamish River in an area where sedimentation from past landslides was limiting salmon production.

11. Among other things, the Agreement at Section 41 provided that disputes "arising out of or relating to the performance, breach or enforcement of this agreement" would be brought in Federal Court. The Agreement at Section 41.C also contained a provision that purported to waive the Tribe's inherent sovereign immunity "as necessary to give effect to this section." Any money judgment against the Tribe or the State "may not exceed the amount provided for" in the Agreement, namely $497,000. Agreement, Section 41.B.

12. The Tribe's official records demonstrate that the Tribe's Board of Directors passed no resolution delegating authority to anyone to sign the Agreement on the Tribe's behalf. Further, there is no evidence the Board passed a resolution approving the Tribe's entry into the Agreement. There is also no evidence the Board passed a resolution approving or agreeing to the Agreement's purported limited waiver of the Tribe's inherent sovereign immunity. There is no

---

[1] The language here is the same in the current Constitution of 2012, although it is now found in Article V, § 1.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF -- Page 3
68541293V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

evidence of the Board ever considering the Agreement at all. Without a Board resolution approving the Agreement or authorizing anyone to sign it on the Tribe's behalf, the Tribe did not agree to be bound by the Agreement or any of the provisions therein, and the Tribe could not have waived its inherent sovereign immunity for claims arising out of the Agreement.

13. On or about March 23, 2014, near Oso, Washington, a portion of an unstable hill collapsed, sending mud and debris across the North Fork of the Stillaguamish River engulfing a rural neighborhood, and covering an area of approximately 1 square mile with debris. The slide, known as both the "Oso Slide" and the "Steelhead Haven Slide" occurred near the location of the revetment constructed by the Tribe with funding from the Agreement.

14. Subsequently, four lawsuits were filed in King County Superior Court which have been consolidated into one case titled *Pszonka, et al., v. Snohomish County, et al*, No. 14-2-18401-8 SEA ("*Pszonka*"), alleging that certain acts or omissions of Grandy Lake LLC, the State of Washington, and Snohomish County caused injuries to plaintiffs. Among other claims, the plaintiffs alleged that the State of Washington was liable because the revetment constructed by the Tribe was a cause of some of their injuries. The Tribe is not a named party to the litigation. The defendants have denied the allegations.

15. On August 26, 2015, the State's Attorney General's Office wrote to the Tribe stating "The Stillaguamish Tribe is the Responsible Sponsor of the [revetment] project and executed defense, indemnity, and hold harmless agreement as part of receiving the grant. . . . The State believes the claims arising from the [revetment] project are covered by the defense, indemnity, and hold harmless clause of the agreement."

16. On or about September 15, 2015, the State's Attorney General's Office and Tribe held a conference call where the Tribe indicated to the State that the Tribe did not believe that the *Pszonka* plaintiffs' claims triggered the indemnification obligation in the Agreement.

17. On September 30, 2015, the State's Attorney General's Office wrote to the Tribe again indicating the State's belief that "the claims asserted by the [*Pszonka*] plaintiffs related to the crib wall and sediment retention ponds constructed by the Stillaguamish Tribe as part of

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – Page 4
68541293V.1

its [ ] project trigger the Tribes' duty to defend, identify, and hold harmless the State from these claims as provided by the funding agreement . . ."

18. On October 5, 2015, the Tribe responded to the State's Attorney General's Office. The Tribe stated its position that it has no liability to or duty to indemnify the State relating to the claims at issue in *Pszonka*. The Tribe explained that the Agreement is invalid and cannot be invoked against the Tribe as a matter of both federal and Tribal law because Mr. Stevenson was not authorized by the Tribe to sign the Agreement and provide a waiver of the Tribe's inherent sovereign immunity. Nevertheless, while reserving all rights and defenses, the Tribe agreed to approach its insurance carriers in good faith to discuss potential coverage for the State's claims.

19. Notwithstanding the Tribe's position, Defendants have continued to pursue recovery from the Tribe.

20. On June 9, 2016, the State's Attorney General's Office wrote to the Tribe's insurance carrier, Tribal First/ Hudson Insurance, indicating that the *Pszonka* plaintiffs' claims "directly implicate the indemnity obligations of the Stillaguamish Tribe [ ] to the State" under the Agreement. The State requested that the Tribe's insurance carrier attend a mediation scheduled for June 28-30, 2016 in *Pszonka* and provided a conservative estimate of damages potentially due to the plaintiffs of $12 million. The State's letter also asserted that the indemnity due to the State was not limited to the funding amount of the Agreement.

21. On June 22, 2016, the Tribe reiterated its position that it retained its sovereign immunity from suit and neither the Agreement nor any of its provisions were enforceable against the Tribe. The Tribe also explained that, even if the Agreement was valid, the limited waiver of the Tribe's immunity only applies to actions arising to enforce the Agreement brought by the State, which excludes the third-party claims in *Pszonka* alleged against the State.

22. The State's Attorney General responded on June 27, 2016 rejecting the Tribe's position and reiterating that the Tribe appear at the mediation.

23. The Tribe is completely immune from any action brought by Defendants to seek indemnity for negligence claims in *Pszonka*.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – Page 5
68541293V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Declaratory Relief)

24. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

25. The Tribe's inherent sovereign immunity is a matter of federal common law.

26. A controversy has arisen between the Tribe on the one hand, Defendants on the other, in regards to the Tribe's duty to indemnify the State for liability against the State arising from an unrelated piece of litigation, and whether the Tribe waived its inherent sovereign immunity as to any liability of the State in the unrelated litigation.

27. Pursuant to 28 U.S.C. §§ 2201 and 2202, and RCW 7.24.010, the Tribe is entitled to a declaration that:

   a. The Tribe's Board of Directors never authorized any person to sign the Agreement on the Tribe's behalf;

   b. The Tribe's Board of Directors never authorized any person to agree to a waiver of the Tribe's inherent sovereign immunity in the Agreement on its behalf;

   c. The Agreement and all the provisions therein are invalid and unenforceable against the Tribe; and

   d. The Tribe has not waived its inherent sovereign immunity for any dispute with Defendants or any issue related to the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully demands and prays for the following relief:

1. For a declaration that:

   a. The Tribe's Board of Directors never authorized any person to sign the Agreement on the Tribe's behalf;

   b. The Tribe's Board of Directors never authorized any person to agree to a waiver of the Tribe's inherent sovereign immunity in the Agreement on its behalf;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – Page 6
68541293V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

  c. The Agreement and all the provisions therein are invalid and unenforceable against the Tribe; and

  d. The Tribe has not waived its inherent sovereign immunity for any dispute with Defendants or any issue related to the Agreement.

 2. For injunctive relief enjoining any effort by Defendants to enforce the Agreement against the Tribe or to compel the Tribe to participate in *Pszonka* dispute resolution.

 3. For such other and further relief as the Court deems just, equitable and proper.

DATED this 27th day of June, 2016.

    **KILPATRICK, TOWNSEND & STOCKTON LLP**

    By: /s/ Rob Roy Smith
    Rob Roy Smith, WSBA #33798
    RRSmith@kilpatricktownsend.com
    1420 Fifth Avenue, Suite 3700
    Seattle, WA 98101
    Telephone.: (206) 467-9600
    Facsimile: (206) 623-6793

    **STILLAGUAMISH TRIBE OF INDIANS**
    **OFFICE OF LEGAL COUNSEL**

    By: /s/ Scott Mannakee
    Scott Mannakee, WSBA # 19454
    smannakee@stillaguamish.com
    3322 236th Street NE
    Arlington, WA 98223
    Telephone: (360) 572-3028

    *Attorneys for Plaintiff Stillaguamish Tribe of Indians*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF -- Page 7
68541293V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600